UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| Christina McComish, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil No. 1:06cv65 |
| v. | ) | |
| | ) | **ORDER** |
| Underwood Public Schools, | ) | |
| | ) | |
| Defendant. | ) | |

Before the court is plaintiff Christina McComish's ("McComish") Motion to Supplement the Administrative Record (Doc. # 25). For the following reasons, the motion is **DENIED**.

Brief Factual Background

McComish filed a due process request challenging her 2005-2006 Individualized Education Plan ("IEP") pursuant to the Individuals with Disabilities Education Act ("IDEA"). After a hearing held March 6-10, 2006 wherein 82 exhibits were admitted and testimony of 21 witnesses was received, Administrative Law Judge ("ALJ") Allen Hoberg concluded that defendant Underwood Public Schools' ("Underwood") proposal to place McComish in the South Dakota School for the Blind did not violate her rights to a Free Appropriate Public Education ("FAPE") in the Least Restrictive Environment ("LRE") available, and the school district need not provide compensatory education.

McComish appealed the ALJ's findings to this court. She now seeks to supplement the record by presenting the following additional evidence: An IEP progress report dated November 1, 2006; McComish's 2006-2007 IEP; an outreach report dated October 17, 2006; testimony from Sarita McComish (Christina's mother); testimony from McComish, and testimony from

1

Ken Dockter. McComish asserts that the additional evidence provides a sharp contrast to the defendant's portrayal of her limitations because subsequent to the issuance of the ALJ's order, McComish enrolled in the Bismarck Public School System ("Bismarck"), lives independently in an apartment, takes the transit bus to and from school, pays her bills and does her own grocery shopping. Underwood opposes the motion, asserting the additional evidence is irrelevant to the issues before the ALJ at the time of the due process hearing, the testimony duplicates testimony provided at the hearing, and the request to supplement is untimely.

## Discussion

It is well recognized that the court reviewing an administrative decision under the IDEA "'shall receive the records of the administrative proceedings, shall hear additional evidence at the request of a party, and, basing its decision on the preponderance of the evidence, shall grant such relief as the court determines appropriate.'" Larson v. Independent School District No. 361, 2004 WL 432218 (D. Minn.) (citing 20 USC § 1415(i)(2)(B)). Further, the IDEA permits the consideration of additional evidence when the party seeking the introduction of the evidence provides a "'solid justification for doing so.'" Id. (quoting E.S. v. Indep. Sch. Dist. No. 196 Rosemount-Apple Valley, 135 F.3d 566, 569 (8th Cir. 1998) (quotations omitted). However, the reviewing court "must be careful not to allow such evidence to change the character of the hearing from one of review to a trial de novo." Town of Burlington v. Dept. of Ed. for the Commonwealth of Massachusetts, 736 F.2d 773, 791 (1sr Cir. 1984). The party desiring to supplement the record carries a heavy burden:

> A practicable approach, we believe, is that <u>an administrative hearing witness is rebuttably presumed to be foreclosed from testifying at trial</u>. A motion may then be made to allow such a witness to testify within specified limits stating the justification for the testimony. In ruling on motions for witnesses to testify, a

> court should weigh heavily the important concerns of not allowing a party to undercut the statutory role of administrative expertise, the unfairness involved in one party's reserving its best evidence for trial, the reason the witness did not testify at the administrative hearing, and the conservation of judicial resources.

Id. (emphasis added).  Although the IDEA permits the reviewing court to supplement the record, "[r]endering a decision on the record compiled before the administrative agency, however, is the norm."  West Platte R-II Sch. Dist. v. Wilson, 439 F.3d 782, 785 (8th Cir. 2006).  And finally, an administrative hearing witness "is rebuttably presumed to be foreclosed from testifying at trial."  Town of Burlington, 736 F. 2d at 791.

The supplemental evidence McComish proposes relates solely to her progress subsequent to the administrative hearing and was not available to the ALJ at the time of his decision concerning the 2005-2006 IEP.  Her sole support for admission is the "dramatic contrast" between Underwood's portrayal of her severe limitations and her achievements since enrolling in Bismarck.  The court finds that plaintiff's argument fails to present a "solid justification" for the admission of the additional evidence, particularly in light of the fact that enrollment in Bismarck was not available in 2005-2006.  Due Process Hearing Transcript, at 72 (Johnson Affidavit, Ex. 7 (Doc. #32)).[1]  Additionally, the ALJ received testimony from Sarita McComish and Christina McComish disagreeing with Underwood's witnesses and explaining plaintiff's daily living skills.  Due Process Hearing Transcript, at 843 (Johnson Affidavit, Ex. 8 (Doc. #32).  The proposed testimony is consistent, but further outlines what McComish has accomplished since her enrollment in Bismarck.  Obviously this evidence was not available to the ALJ at the time of the

---

[1] "We next looked–just starting looking at closer places.  As you can see, Dickinson does have a teacher of the visually-impaired.  They did not have room.  The same with Bismarck." Johnson Affidavit, Ex. 7 (Doc. #32).

extensive and detailed hearing.  This court's consideration of the subsequent testimony would undercut the ALJ's credibility determination and impermissibly transform the administrative review into a hearing de novo.   Therefore, plaintiff's Motion to Supplement the Administrative Record (Doc. # 25) is **DENIED**.

Dated this 29th day of June, 2007.

*/s/ Karen K. Klein*

Karen K. Klein
United States Magistrate Judge